IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE KREGER-MUELLER,

                Plaintiff,

v.                                                  OPINION and ORDER

DANIEL WITHEE,
ROBERT MAIER, and                         19-cv-741-jdp
HOWARD STATZ,

                Defendants.

---

      In this now-closed case, pro se plaintiff Valerie Kreger-Mueller alleged that defendants Daniel Withee, Robert Maier, and Howard Statz, all officers with the Middleton Police Department, took her into custody and involuntarily committed her in violation of her constitutional rights and state law. *See* Dkt. 4. This case was closed on May 27, 2020, after the parties stipulated to dismissal with prejudice. Dkt. 25.

      Kreger-Mueller has now filed two motions for injunctive relief. Dkt. 26 and Dkt. 27. She contends that Withee, Maier, Statz, and a large number of non-defendant individuals and non-defendant organizations are harassing her in various ways. She asks me to order that: (1) the individuals and organizations involved in harassing her refrain from doing so; and (2) a federal investigation into their conduct be initiated. In her second motion for an injunction, Kreger-Mueller requests that her motions be sealed and that her case be reassigned to a different federal judge. She is concerned that I might be related to two individuals she believes to be involved in the harassment because we share the same last name.

      I will deny Kreger-Mueller's motions. Because I would have to reopen this case to consider her motions for injunctive relief against Withee, Maier, and Statz, I will construe her

motions as a request for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides a method of reopening a closed case. *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F.2d 151, 153 (7th Cir. 1985). The rule permits a court to order relief from final judgment for a narrow set of reasons, including but not limited to mistake, neglect, newly discovered evidence, or an opposing party's fraud, misrepresentation, or misconduct. Fed. R. Civ. P. 60(b). Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009).

This case does not qualify for any of the reasons that warrant Rule 60(b) relief, nor does it present an exceptional circumstance. Kreger-Mueller lists a number of strange and sometimes unfortunate things that have happened to her during the last several years. But she does not come close to demonstrating that defendants orchestrated these events to retaliate against her, or that they were connected to these events in any way. Her attempts to link defendants with what she perceives as harassment are too far-fetched for me to consider. As for the non-defendant individuals and organizations against which Kreger-Mueller seeks injunctive relief, I cannot issue injunctions against non-parties to this lawsuit or that prohibit conduct unrelated to the events originally at issue in this case.

I will also deny Kreger-Mueller's requests to seal her motions and to have this case reassigned to a different federal judge. Court records are "presumptively open to public view, even if [plaintiff] strongly prefer[s] secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Kreger-Mueller provides no explanation why she is entitled to confidentiality in this case. And I see no reason to recuse

myself from this matter because I am not related to anyone named Reed Peterson or Michael Peterson.

ORDER

IT IS ORDERED that:

1. Plaintiff Valerie Kreger-Mueller's motions for injunctive relief, Dkt. 26 and Dkt. 27, are DENIED.

2. Plaintiff's motion to seal, Dkt. 27, is DENIED.

3. Plaintiff's motion to have her case reassigned to a different federal judge, Dkt. 27, is DENIED.

Entered January 25, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge